IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFRED DUANE WILLIAMS, TDCJ #593465, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-2807 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

### MEMORANDUM OPINION AND ORDER

Alfred Duane Williams (TDCJ #593465) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge the calculation of his sentence. Respondent Lorie Davis has filed a Motion for Summary Judgment With Brief in Support ("Respondent's MSJ") (Docket Entry No. 16), arguing that the claims are barred by the governing one-year statute of limitations. Although the court granted Williams an extension of time, he has not filed a response. Instead, Williams has filed a Motion to Stay and Abate Habeas Corpus Proceedings (Docket Entry No. 12) and a Motion to Abort Extension of Time Motion and Instead Stay and Abate Entire Habeas Corpus Proceeding (Docket Entry No. 20), requesting leave to return to state court

and raise additional claims. After considering the pleadings, the state court records, and the applicable law, the court will grant Respondent's MSJ and will dismiss this case for the reasons explained below.

I. **Background**

Williams is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a conviction that was entered against him in Harris County Cause No. 564636.[1] Williams was charged by indictment with delivery of a controlled substance -- cocaine --, and the state enhanced that indictment for purposes of punishment with allegations that Williams had at least two prior felony convictions for drug trafficking.[2] After Williams entered a guilty plea, the 174th District Court for Harris County, Texas, found Williams guilty as charged and sentenced him to 25 years' imprisonment on July 26, 1991.[3]

Williams does not complain of the validity of his conviction. Instead, Williams challenges the calculation of the 25-year sentence he received following his release from prison onto the form of parole known as mandatory supervision and his return to

---

[1]Petition, Docket Entry No. 1, p. 2.

[2]Indictment, Docket Entry No. 17-4, p. 47.

[3]Judgment on Plea of Guilty or Nolo Contendere Before Court-Waiver of Jury Trial, Docket Entry No. 17-4, p. 55.

prison following the revocation of his supervised release.[4] The following chronology reflects that Williams was released from prison onto mandatory supervision and returned to TDCJ on three occasions.

On January 6, 1995, Williams was released on parole for the first time following his 1991 conviction in Cause No. 564636.[5] A pre-revocation warrant issued for Williams on February 7, 2002, and his parole was revoked shortly thereafter on March 25, 2002.[6] Upon his return to TDCJ on April 18, 2002, officials determined that Williams was not entitled to credit for time spent out of custody (i.e., "street-time credit")[7] pursuant to Tex. Gov't Code § 508.283(c) because the remaining portion of his sentence was greater than the time he had spent on parole.[8] As a result,

---

[4]Williams has not been convicted of an offense listed in Tex. Gov't Code § 508.149(a) and, as a result, he is eligible for early release on the form of parole known as mandatory supervision. Parole and mandatory supervision are separate forms of early release in Texas, with different criteria for eligibility. See Tex. Gov't Code §§ 508.145, 508.147, 508.149. Because the distinction does not make a difference in this case, the court uses the terms parole and mandatory supervision interchangeably in this Opinion.

[5]Affidavit of Charley Valdez ("Valdez Affidavit"), Docket Entry No. 17-3, p. 67.

[6]Id.

[7]See Ex parte Spann, 132 S.W.3d 390, 392 n.2 (Tex. Crim. App. 2004) ("Street-time credit refers to calendar time a person receives towards his sentence for days spent on parole or mandatory supervision.").

[8]Valdez Affidavit, Docket Entry No. 17-3, p. 67.

Williams forfeited 5 years, 8 months, and 26 days of street-time credit towards his sentence.[9]

On December 22, 2004, Williams was released on parole a second time on the sentence that he received in Cause No. 564636.[10] After several pre-revocation warrants for Williams were issued and withdrawn, his parole was revoked on May 30, 2007.[11] When Williams returned to TDCJ on July 5, 2007, officials determined once again that he was not eligible for street-time credit pursuant to § 508.283(c).[12] Although Williams was given a substantial amount of credit for time that he spent in jail, he forfeited 1 year, 8 months, and 19 days of street-time credit.[13]

Williams was released on parole a third time on May 23, 2012.[14] A pre-revocation warrant issued on December 10, 2013, and was executed on that date while Williams was in custody at the Harris County Jail.[15] After his parole was revoked Williams was transferred from a substance abuse treatment facility to TDCJ on October 30, 2014.[16] Williams received credit for the time he spent

---

[9] Id.

[10] Id.

[11] Id. at 67-68.

[12] Id. at 68.

[13] Id.

[14] Id.

[15] Id.

[16] Id.

in jail, but forfeited 1 year, 6 months, and 17 days of street-time credit pursuant to § 508.283(c).[17]

The current calculation of the sentence that Williams received in Harris County Cause No. 564636 shows that, with credit for "calendar flat time" served and credit that he has received for good conduct ("good-time credit"), Williams has a projected release date for purposes of mandatory supervision on April 26, 2018.[18] The same calculation reflects that the sentence Williams received in Cause No. 564636 now has a "maximum discharge date" of May 15, 2024.[19]

On September 12, 2017, Williams executed the pending federal habeas corpus Petition under 28 U.S.C. § 2254,[20] arguing that he is entitled to relief in the form of immediate release from prison on mandatory supervision because prison officials improperly calculated his sentence after each parole revocation.[21] Williams contends that officials improperly denied him street-time credit following each of his parole revocations in 2002, 2007, and 2014, by denying him street-time credit through the application of a statute, Tex. Gov't Code § 508.283(c), which was not in effect when

---

[17]Id.

[18]Id. at 68, 69.

[19]Id. at 68.

[20]Petition, Docket Entry No. 1, p. 10.

[21]Id. at 6.

he committed his underlying offense in 1990.[22] As a result, Williams argues that officials have calculated his release date in violation of the Ex Post Facto Clause and improperly extended the discharge date for the sentence that he received in Harris County Cause No. 564636.[23]

The respondent argues that the Petition must be dismissed because it is barred by the governing one-year statute of limitations.[24] Williams, who has not filed a response, asks the court to stay and abate this proceeding while he raises additional claims in state court concerning the calculation of his sentence.[25] Because the court concludes that the Petition is untimely and lacks merit, Williams has not demonstrated that a stay is available. See Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005) (explaining that a stay and abeyance is available "only in limited circumstances" where the petitioner shows "good cause" for failure to exhaust is claims in state court and the claims are not "plainly meritless"). Accordingly, the petitioner's motions to stay and abate this case will be denied without further discussion.

## II. Discussion

### A. The Petition is Untimely

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110

---

[22] Id.

[23] Id. at 6, 7.

[24] Respondent's MSJ, Docket Entry No. 16, pp. 5-14.

[25] See Docket Entry Nos. 12, 20.

-6-

Stat. 1214 (1996), which established a one-year statute of limitations on all federal habeas corpus petitions filed after April 24, 1996. Because the pending Petition was filed well after April 24, 1996, the one-year limitations period clearly applies. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citation omitted).

Because Williams challenges the calculation of his sentence following three separate parole revocation proceedings, the limitations period began to run pursuant to 28 U.S.C. § 2244(d)(1)(D) when the factual predicate of the claims presented "could have been discovered through the exercise of due diligence." See Goodwin v. Dretke, 150 F. App'x 295, 298, 2005 WL 2404791 (5th Cir. 2005) (per curiam) (explaining that "[§ 2244(d)(1)(D)] governs the timeliness vel non of the filing of claims predicated on parole decisions"). As the chronology of this case reflects, the sentence that Williams received in Harris County Cause No. 564636 was recalculated each time his parole was revoked and he returned to TDCJ on April 18, 2002, July 5, 2007, and October 30, 2014.[26] Because Williams knew or should have known that his sentence was recalculated each time he returned to prison, each of these dates triggered a one-year statute of limitations period that expired on April 18, 2003, July 5, 2008, and October 30, 2015. Therefore, the federal habeas Petition executed by Williams on September 12, 2017,

---

[26]Valdez Affidavit, Docket Entry No. 17-3, pp. 67-68.

is untimely as to each of his sentence calculations, and his claims are barred from federal review unless an exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. The record shows that Williams filed an application for state post-conviction review to challenge the calculation of his sentence on June 1, 2016,[27] which the Texas Court of Criminal Appeals dismissed for failure to comply with state law on December 7, 2016.[28] This proceeding does not toll the statute of limitations because it was filed well after the limitations periods expired.[29] See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

---

[27]Application for a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 ("State Habeas Application"), Docket Entry No. 17-3, pp. 6-22.

[28]Action Taken on Writ No. 85,959-01, Docket Entry No. 17-1, p. 1.

[29]The respondent argues in the alternative that the State Habeas Application submitted by Williams was not "properly filed" for purposes of § 2244(d)(2) because it was summarily dismissed for failure to comply with state procedures found in Tex. Gov't Code § 501.0081(b)-(c) (requiring inmates to pursue all sentence calculation claims with the TDCJ time credit dispute resolution tribunal before seeking state habeas review). See Respondent's MSJ Docket No. 16, pp. 8-10. Because the Application was dismissed for procedural reasons and not adjudicated on the merits, the respondent also argues that Williams did not exhaust available state court remedies by presenting his claims in a procedurally proper manner. See id. at 14-16. Because the Petition is untimely and subject to dismissal for other reasons, the court does not address these arguments.

Williams does not establish that any other statutory or equitable exception applies to toll the limitations period. Therefore, the Petition is barred by limitations. More importantly, Williams is not entitled to relief because his claims are without merit for reasons discussed briefly below.

## B. The Petitioner is Not Entitled to Relief

Williams contends that prison officials calculated his sentence in error following the revocation of his parole in 2002, 2007, and 2014, by denying him street-time credit pursuant to Tex. Gov't Code § 508.283(c), which was not in effect when he committed the underlying offense in 1990.[30] Williams argues, therefore, that his sentence has been calculated unlawfully in violation of the Ex Post Facto Clause.[31]

A state violates the Ex Post Facto Clause found in Article I, Section 10 of the United States Constitution when it "imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Weaver v. Graham, 101 S. Ct. 960, 964 (1981) (citations omitted). For an ex post facto violation to occur, the following conditions must be met: "(1) a law must be retrospective, that is, it must apply to events occurring before its enactment, and (2) the new law must create a sufficient risk of increasing the

---

[30]Petition, Docket Entry No. 1, p. 6.

[31]Id.

punishment attached to the defendant's crimes." Warren v. Miles, 230 F.3d 688, 692 (5th Cir. 2000) (citing California Dep't of Corrections v. Morales, 115 S. Ct. 1597, 1603 (1995) (citation omitted)). In other words, to amount to an ex post facto violation a change in the law "must be both retroactive and to a prisoner's detriment." Hallmark v. Johnson, 118 F.3d 1073, 1077-78 (5th Cir. 1997).

The current version of Tex. Gov't Code § 508.283(c) was amended in 2001 to make certain parole violators eligible for street-time credit if certain criteria were met:

> If the parole [or] mandatory supervision . . . of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of the issuance of the warrant or citation.

Tex. Gov't Code § 508.283(c). Observing that this provision is worded in "a confusing manner," the Texas Court of Criminal Appeals has construed the statute to establish a two-prong test for the purpose of determining whether a parole violator is entitled to street-time credit:

1. If, on the SUMMONS[] date, the **"remaining portion"** of Applicant's sentence is **greater than** the **time spent on parole**, Applicant receives **no street-time credit** for the time spent on parole.

2. If, however, on the SUMMONS date, the **"remaining portion"** of Applicant's sentence is **less than** the **time spent on parole**, Applicant receives street-time **credit** for the amount of time spent on parole.

Ex parte Spann, 132 S.W.3d 390, 392-93 (Tex. Crim. App. 2004) (footnote omitted, emphasis in original); see also Ex parte Keller, 173 S.W.3d 492, 494 (Tex. Crim. App. 2005) (repeating the two-prong test for street-time credit outlined in Spann).

It was not until this version of § 508.283(c) went into effect in 2001 that parole violators in Texas had any right to street-time credit upon the revocation of their supervised release. See Spann, 132 S.W.3d at 393 (citing a former version of § 508.283(c), which previously "prescribed that <u>any</u> parole violator forfeited the benefit of street-time credit"); see also Whitley v. Dretke, 111 F. App'x 222, 223, 2004 WL 1895117, at *1 (5th Cir. 2004) (per curiam) ("Before September 2001, Texas law allowed the Board of Pardons and Paroles to disregard the street time a prisoner accumulated while on release."). Because there was no right to street-time credit under the law in effect before 2001, Williams cannot demonstrate that a retroactive change in the law applied to his detriment or that an ex post facto violation occurred when he was denied street-time credit pursuant to the amended version of

§ 508.283(c). See McGregor v. Quarterman, Civil No. G-07-397, 2008 WL 2465342, at *7 (S.D. Tex. June 17, 2008) (concluding that the petitioner failed to show that § 508.283(c) constituted a retroactive change to his detriment for purposes of an ex post facto violation because street-time was "completely unavailable" before that statute went into effect in 2001). Absent a showing that his sentence was calculated in violation of a constitutional right, Williams is not entitled to relief. For this reason, the Petition will be denied and this action will be dismissed.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the

district court was correct in its procedural ruling." <u>Slack</u>, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, <u>sua sponte</u>, without requiring further briefing or argument. <u>See Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 16) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Alfred Duane Williams (Docket Entry No. 1) is **DISMISSED with prejudice**.

3. Petitioner's motions to stay and abate this proceeding (Docket Entry Nos. 12, 20) are **DENIED**.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 15th day of March, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE